FRANCISCO GODREAU DUFFAU, Plaintiff and Appellee, *v.* ANTONIA GUERRERO MANATOU, Defendant and Appellant.

No. 9663. Argued January 21, 1948.—Decided January 27, 1948.

*R. Hernández Matos* for appellant.    *F. Zapater Martínez* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiff filed suit for a divorce from his wife on the ground of separation for an uninterrupted period of more than three years. Act No. 62, Laws of Puerto Rico, 1942

((1) p. 582), amending § 96 of the Civil Code. After a trial on the merits, judgment was entered in favor of the plaintiff. The defendant appealed to this Court. In her brief on appeal the only error assigned is that the lower court erred in granting a divorce without any proof of a mutual agreement by the parties to separate. The appellee has moved to dismiss the appeal as frivolous.

The appellant relies on the language of our statute that there must be separation "of both spouses" for more than three years. But we find nothing in that language indicating an intention on the part of the Legislature that both parties shall agree to the separation.

We are aware of the conflict in the cases as to whether the separation must be as a result of mutual agreement. Annotation, 166 A.L.R. 498. But each state must decide the question in the light of its own statute.

The rule in this jurisdiction was clearly stated in *Simonet* v. *Sandoval,* 63 P.R.R. 503, 506: "The question as to whether the separation of the spouses began with the desertion of the wife by the husband, or by mutual agreement, is of no consequence in this case. The essential question is whether the spouses have lived apart from each other during the statutory period and uninterruptedly."

Without using specific language to that effect, we reached the same result on the facts of several other cases. Our rule in short is that the ground of separation exists if only one of the spouses lives apart from the other spouse with that intention. *Pérez* v. *León,* 52 P.R.R. 496; *Núñez* v. *López,* 62 P.R.R. 543; *Miranda* v. *Padró,* 66 P.R.R. 125; *Cabrer* v. *Pietri,* 67 P.R.R. 409.

The appellant relies on our language in the *Núñez* case at p. 549 that the "statute assumes that the parties have lived apart as the result of the mutual purpose to do so." In speaking of the assumption of the statute, we did not lay down a rule that the parties must show a mutual agree-

ment to live apart. Our statute and cases are to the contrary.[1]

The motion to dismiss the appeal as frivolous will be granted.

---

[1] It should perhaps be added that we are not confronted here with the problem of separation due to confinement of one of the spouses in prison or in an asylum.  See *Rivera* v. *Cruz,* 67 P.R.R. 723.